## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **SHERRI PENDER,**<br><br>    Plaintiff,<br><br>v.<br><br>**SHARON JOHNSON, AMERICAN HOMEPATIENT**<br><br>    Defendants. | Civil Action No. 7:17-CV-175 (HL) |

### ORDER

Before the Court is the Amended Complaint (Doc. 5) of Plaintiff Sherri Pender. Because she has been permitted to proceed in this matter in forma pauperis, (see Doc. 4), the Court must review her complaint to determine whether it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Having done so, the Court concludes that Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a complaint in this Court on October 10, 2017 against Defendants Sharon Johnson and American HomePatient for alleged employment discrimination and retaliation under the Americans with

Disabilities Act of 1990 (the ADA), 42 U.S.C. §§ 12112-12117. (Doc. 1). Plaintiff also alleged that her former employer retaliated against her for exercising her statutory right to medical leave under the Family and Medical Leave Act (the FMLA), 29 U.S.C. §§ 2601-2654. Plaintiff's complaint failed to state a plausible claim to relief; however, the Court issued an order directing Plaintiff to file an amended complaint by January 25, 2018, addressing the deficiencies of her original complaint and setting forth allegations stating a plausible claim of discrimination and retaliation. (Doc. 4). Plaintiff filed an amended complaint, but the amended complaint does not conform to the requirements of the Court's Order, nor does it state a plausible claim for relief under either the ADA or FMLA.

Plaintiff alleges in her one-page amended complaint that she is filing suit under the FMLA and ADA because she "was wrongfully terminated on November 29, 2016 because of illness beyond my control." (Doc. 5). Plaintiff further states that she has a history of hypertension and type 2 diabetes which causes her to experience sleepiness, tiredness, shortness of breath, upset stomach, and dizziness. Plaintiff states that American HomePatient was aware of her condition as Plaintiff submitted a doctor's note on May 26, 2015 stating that Plaintiff could not work or drive during a "spell." Finally, Plaintiff concludes her amended complaint by stating that American HomePatient never informed her "about the FMLA or the ADA acts." Along with her amended complaint, Plaintiff also

2

submitted to the Court forty-seven pages of documents largely consisting of doctor's excuses for work, formal written warnings from her employer regarding Plaintiff's absenteeism, email exchanges between Plaintiff and her supervisor pertaining to absences from work due to health issues and doctor's appointments, and a letter from the Reemployment Assistance Program in Tallahassee, Florida. (Doc. 5-1).

## II.    PLAINTIFF'S FMLA CLAIMS

The FMLA creates two types of claims: "interference claims," in which an employee asserts that an employer denied or otherwise interfered with her substantive rights under the FMLA, and "retaliation claims," in which an employee asserts that an employer discriminated against the employee because he or she engaged in activity protected by the FMLA. Strickland v. Water Works & Sewer Bd. of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001) (citing 29 U.S.C. § 2615(a)(1,2); 29 C.F.R. § 825.220(c). To state a claim of interference with a substantive right under the FMLA, an employee need only demonstrate by a preponderance of the evidence that he or she was entitled to the benefit denied. Id. (citing 29 U.S.C. § 2615(a)(1). To succeed on a retaliation claim, an employee must demonstrate that an employer intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right. Id. (citing 29 U.S.C. § 2615(a)(2). An employee bringing an FMLA

retaliation claim faces a burden that is increased beyond that of an employee bringing an FMLA interference claim, in that an employee bringing a retaliation claim has the burden of showing that her employer's actions were motivated by an impermissible retaliatory or discriminatory animus. Id. (citing 29 U.S.C.A. § 2615(a)(1, 2).

Although Plaintiff does not explicitly state the type of FMLA claim she wishes to bring, the Court guesses from the sparse details in the amended complaint that Plaintiff intends to bring a retaliation claim. Regardless, Plaintiff's amended complaint states little more than her initial one-paragraph complaint (Doc. 1) and is simply too brief to state a claim upon which relief may be granted. While Plaintiff has alleged that she was terminated from her employment and it may be plausible that this termination is temporally connected to exercising her right to leave under the FMLA, she has not met her burden of showing that American HomePatient's act of terminating her was intentional discrimination in the form of adverse employment action for having exercised an FMLA right. Nor has Plaintiff shown that American HomePatient was motivated by either retaliatory or discriminatory animus. The many documents attached to Plaintiff's amended complaint may bolster her conclusory allegations, however, Plaintiff does not include in her brief any facts which could even be construed as an attempt to set out the elements of an FMLA claim other than the fact of her

termination. Plaintiff may not rely on the Court to glean from the documents attached to her complaint what the merits of her claims may be. "It is not for the court to manufacture arguments on the Plaintiff's behalf." <u>Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.</u>, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000).

### III.    PLAINTIFF'S ADA CLAIMS

Plaintiff's ADA claim is similarly unavailing. In order to plead facts establishing a prima facie case under the ADA, Plaintiff must show that (1) she was disabled, (2) she was a qualifying individual, and (3) she was discriminated against by American HomePatient's failure to provide a reasonable accommodation. <u>See</u> <u>Lucas v. W.W. Grainger, Inc.</u>, 257 F.3d 1249, 1255 (11th Cir. 2001). Plaintiff asserts that she suffers from type 2 diabetes and hypertension, and that she suffers from sleepiness, tiredness, shortness of breath, dizziness, and upset stomach as a result. Plaintiff also states that she is unable to walk long distances without becoming short of breath. However, Plaintiff does not allege any facts that suggest she was a "qualified individual," which "means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Essential functions are the fundamental job duties of a position that an individual with a disability is actually required to perform. <u>Holly v. Clairson Indus., LLC.</u>, 492 F.3d 1247, 1255-56 (11th Cir. 2007).

If a disabled individual is unable to perform an essential function of the job even with a reasonable accommodation, she is not a "qualified individual" and cannot establish a prima facie case under the ADA. Id. at 1256.

Plaintiff's condition may qualify as a disability, but totally absent from her amended complaint are any facts indicating she may be a qualified individual-there is no information as to what position she held at American HomePatient, what the duties of her job were, or that she could perform the duties of her job despite her disabilities if given reasonable accommodations by her employer. Thus, Plaintiff cannot meet either of the first two prongs of a prima facie case of discrimination under the ADA.

One way a plaintiff may establish the third prong, that her employer unlawfully discriminated against her because of her disability, is by showing that her employer failed to provide her with a reasonable accommodation for her disability. Holly, 492 F.3d at 1255-56. An employer's duty to accommodate, however, "is not triggered unless a specific demand for an accommodation has been made." Gatson v. Bellingrath Gardens & Home, Inc., 167 F.3d 1361, 1363 (11th Cir. 1999). Although this Circuit has not "determined precisely what form [a request for an accommodation] must take," other circuits have addressed what qualifies as an adequate request. Holly, 492 F.3d at 1261 n.14. The Tenth Circuit, for example, has explained that a plaintiff "need not use magic words,"

but "should provide enough information about his or her limitations and desires [ ] to suggest at least the possibility that reasonable accommodation may be found in a reassignment job within the company." Smith v. Midland Brake, Inc., 180 F.3d 1154, 1172 (10th Cir. 1999). Similarly, the Third Circuit has held that a plaintiff making a failure to accommodate claim must have provided "enough information that, under the circumstances, the employer can be fairly said to know of both the disability and desire for an accommodation." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 314 (3d Cir. 1999). Plaintiff states in her amended complaint that American HomePatient knew of her disability, but that alone is not enough to establish that she requested an accommodation from her employer and was denied that request. Thus, Plaintiff has not met the requirements of the third prong under the ADA, and, therefore, has not alleged sufficient facts to establish a claim under the ADA.

## IV. CONCLUSION

For all the above-mentioned reasons, Plaintiff's Amended Complaint (Doc. 5) fails to state a claim under either the ADA or FMLA. The Court is persuaded that allowing Plaintiff further opportunities to amend her compliant would be futile and a waste of judicial resources. Plaintiff's Amended Complaint is, accordingly, **DISMISSED**.

**SO ORDERED** this 17th day of December, 2018.

                        *s/ Hugh Lawson*
                        **HUGH LAWSON, SENIOR JUDGE**

ehm